O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04202 ODW(PLAx) | Date | July 27, 2010 |
|---|---|---|---|
| Title | *Barbara Campbell et al. v. Wells Fargo Home Mortgage, et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | |
|---|---|---|
| Raymond Neal | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (IN CHAMBERS):**   Order GRANTING Motion to Dismiss [Doc #3]

## I.   BACKGROUND

Plaintiff Barbara Campbell obtained a $522,000.00 mortgage loan in December of 2006 for a property located at 8815 Wall Street, Los Angeles, California, 90003. (Second Amended Complaint "SAC" ¶ 1, 2). Defendant IDM Group brokered the loan, and Defendant Wells Fargo Home Mortgage ("Wells Fargo") served as the lender. (Id. ¶ 2). Two months later, Plaintiff Campbell transferred a "portion of her ownership interest" to Plaintiff Welch; Campbell transferred the remaining ownership interest to Welch in March of 2008. (Defendant's Motion to Dismiss "Mot." p. 11-12). Subsequently, Plaintiff Welch "ran into financial difficulty" and was no longer able to make payments on the mortgage. (Plaintiff's Opposition "Opp." p. 8; SAC ¶ 2). Welch defaulted on the loan and the property went into foreclosure. (SAC ¶ 2). "A notice of default and notice of trustee's sale were recorded against the Property on January 22, 2009, and April 23, 2009, respectively." (Mot. p. 11; Request for Judicial Notice "RJN" Ex. E, F). On April 7, 2010, the property was sold at a foreclosure sale. (Mot. p. 12).

Plaintiffs Campbell and Welch filed their Complaint on April 27, 2010, alleging eleven claims against Defendants Wells Fargo, IDM Group, Settlement Services, Inc., and First American Loanstar Title Insurance Company. They filed a First Amended Complaint two days later, then filed a Second Amended Complaint on May 13, 2010. Defendant Wells Fargo timely removed the case to this Court on June 7, 2010. Defendant filed its Motion to Dismiss on June 14, 2010. The Court deems the matter suitable for decision without oral argument, and the July 28, 2010 hearing date is hereby VACATED. *See* Fed. R. Civ. P. 78; Local

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04202 ODW(PLAx) | Date | July 27, 2010 |
|---|---|---|---|
| Title | *Barbara Campbell et al. v. Wells Fargo Home Mortgage, et al.* | | |

Rule 7-15.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a party's motion to dismiss for "failure to state a claim upon which relief can be granted." To survive a 12(b)(6) motion, "a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)," *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003), which in turn requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitle[ment] to relief requires more than labels and conclusions." *Id.* (internal citations omitted) (second alteration in original). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

A court considering a 12(b)(6) motion may appropriately dismiss the case where the complaint lacks a cognizable theory, or facts sufficient to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Additionally, a court is not "required to accept as true all allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "While legal conclusions can provide a framework of a complaint, they must be supported by factual allegations." *Ashcroft*, 129 S.Ct. at 1950. A complaint is insufficient if it merely provides "an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* at 1949.

## III. DISCUSSION

### A. TILA Violation

Plaintiffs claim that Defendants have violated the Truth in Lending Act ("TILA") "by failing to provide [them] with accurate material disclosure (sic.) required under TILA and

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04202 ODW(PLAx) | Date | July 27, 2010 |
|---|---|---|---|
| Title | *Barbara Campbell et al. v. Wells Fargo Home Mortgage, et al.* | | |

not taking into account the intent of the State Legislature . . . which was to fully inform buyer of the pros and cons of fix[ed] 30 year mortgages in language . . . that they can understand and comprehend." (SAC ¶ 45). They make further conclusory and unsupported allegations that "Defendants' actions in this matter have been willful, knowing, malicious, fraudulent and oppressive." (Id. ¶ 50). Plaintiffs' failures to allege a specific TILA violation and to support the allegations with facts is alone sufficient to justify FRCP 12(b)(6) dismissal for failure to state a claim.

Moreover, any action for TILA damages must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). As a general rule, the statutory period "starts at the consummation of the [loan] transaction." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Here, Plaintiff Campbell allegedly consummated the loan on December 15, 2006 (SAC ¶ 17) and filed her first Complaint on April 27, 2010, indicating that her claim is facially time-barred.

Equitable tolling may be appropriate, however, in "certain circumstances" such as when a borrower might not have had a reasonable opportunity to discover the fraud or nondisclosures at the time of loan consummation. *King*, 784 F.2d at 915. District courts have discretion to adjust the limitations period in cases where "the general rule would be unjust or frustrate the purpose of [TILA]." *Id.* Generally, a litigant seeking equitable tolling of a limitations period bears the burden of establishing entitlement to equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Here, Plaintiff asserts that tolling is appropriate, but supplies no factual allegations in support of her conclusory claim. (SAC ¶ 46) ("Any and all statute(s) of limitation . . . must be tolled due to Defendants' failure to effectively provide the required disclosures and notices."). Throughout her Complaint, Plaintiff fails to allege particular facts that demonstrate fraud or misrepresentation on the part of Defendants. Thus, Plaintiffs' TILA claim is time-barred and is not eligible for equitable tolling.

    B.    *RESPA Violation*

Plaintiffs' second federal claim is that Defendants violated the Real Estate Settlement Procedures Act ("RESPA") because they did not "disclose to the borrower the cost saving index they relied on for repayment of the mortgage . . . [as] required under RESPA." (Id. ¶ 53). Plaintiffs fail to cite any specific statute or language from the Act itself. In fact,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-04202 ODW(PLAx) | Date | July 27, 2010 |
|---|---|---|---|
| Title | *Barbara Campbell et al. v. Wells Fargo Home Mortgage, et al.* | | |

RESPA makes no mention of a "cost saving index." Rather, it provides a cause of action for three types of acts: 1) failure to provide notice in response to a "qualified written request" (12 U.S.C. § 2605(e)), 2) acceptance of fees or kickbacks related to federal mortgage loan services (Id. § 2607), and 3) conditioning a mortgage loan on the use of a particular title insurer (Id. § 2608(a)). Since Plaintiffs fail to allege any of the preceding causes of action, the RESPA claim has no merit.

Having dismissed from Plaintiffs' Complaint the only federal claims, the Court would be inclined to decline supplemental jurisdiction over their remaining state and common law causes of action should Plaintiffs fail to properly state the federal claims. *See Murphy v. Kodz*, 351 F.2d 163, 167-68 (9th Cir. 1965) ("Where the federal head of jurisdiction has vanished from the case, and there has been no substantial commitment of judicial resources to the nonfederal claims, it is … akin to making the tail wag the dog for the District Court to retain jurisdiction.") (internal quotations and citation omitted); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction.")

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED. Defendant First Merit Settlement Services, Inc's joinder in the instant motion is hereby recognized and this ruling applies to First Merit as well. Should Plaintiffs choose to amend their complaint as to these Defendants, they shall do so on or before Monday, August 16, 2010. Otherwise, this action shall be dismissed in its entirety without leave to amend.

**SO ORDERED.**

--  :  00

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-04202 ODW(PLAx) | Date | July 27, 2010 |
|---|---|---|---|
| Title | *Barbara Campbell et al. v. Wells Fargo Home Mortgage, et al.* | | |

Initials of Preparer     RGN